IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Action No.                                                    January 12, 2023

Adam Delgado, Pro Se
PO Box 145
Ft. Meade, MD                                    Case: 1:23−cv−00089
773-992-7632                                     Assigned To : Mehta, Amit P.
Adam.delgado@ii-services.net                     Assign. Date : 1/12/2023
Plaintiff,                                       Description: FOIA/Privacy Act (I−DECK)

Vs.

United States Department of Justice (DOJ),

Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

National Finance Center (NFC),

United States Department of Agriculture (USDA)

Defendants,

---

## COMPLAINT PURSUANT TO
## FREEDOM OF INFORMATION ACT

---

Plaintiff, Adam Delgado, Pro Se, brings this action against Defendants, the Bureau of

Alcohol, Tobacco, Firearms, and Explosives (ATF), a sub-component of the United States

Department of Justice (DOJ).  In addition, Defendants, the National Finance Center (NFC) and

the US Department of Agriculture (USDA), for the failure to timely and appropriately respond to

the Freedom of Information Act (FOIA) request served by Mr. Delgado pursuant 5 U.S.C. 552.

As explained below, Mr. Delgado has exhausted his remedies under 5 U.S.C. 552 (a)(6)(C)(i).

RECEIVED

JAN 1 2 2023

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

**THE PARTIES**

1.  Mr. Delgado is a retired ATF Special Agent and Whistleblower who resides on Ft.

    Meade, MD.  The DOJ, ATF and the USDA all have their Headquarters in

    Washington, D.C.

**JURISDICTION AND VENUE**

2.   The Court has jurisdiction over this case, and venue is proper in this District,

    pursuant to 5 U.S.C. 552(a)(4)(B)(C).

**BACKGROUND**

3.  In January 2011, DOJ and ATF entered into a settlement agreement with Adam

    Delgado on MSPB case number, NY-1221-09-0299-W-2 and Adam Delgado v.

    Albert Gonzales District of Columbia, Civil Action No. 07-00256 (CKK) (a copy of

    which is attached hereto as Exhibit 1).  In the agreement, ATF agreed to make

    pension contributions to Mr. Delgado's Federal Employee Retirement System (FERS)

    account.  One contribution was normally the employee's responsibility, but ATF

    agreed to pay it in the amount of $6,059.14.

4.  The other amount is approximately $122,581.06, depending on which government

    agency was calculating the figures, which was supposed to be paid by ATF.  Starting

    in 2011, Mr. Delgado attempted to obtain proof of the $122,581.06 payment from

    ATF without success so that he could avoid being in this position upon his retirement.

5.  On July 9, 2017, out of frustration with ATF's failure to provide timely compliance with the FOIA Request, Mr. Delgado filed a separate FOIA request with the National Finance Center (NFC) which is a component of the US Department of Agriculture (USDA) (a copy of which is attached hereto as Exhibit 2). The NFC responded that they did not have documentation responsive to Mr. Delgado's request.  After a series of communications, ATF, responded on May 10, 2021, that they had 191 pages from the NFC that were responsive to Mr. Delgado's request, but ATF was deferring the release of the documents. (a copy of which is attached hereto as Exhibit 3).

6.  Mr. Delgado subsequently sent an e-mail to terry.peoples@usda.gov on December 15, 2020 to document his telephone conversation on December 14, 2020 with Terry Peoples about Mr. Peoples comments that "it did not matter if ATF made the pension contribution/payment (a copy of which is attached hereto as Exhibit 4).

7.  On May 10, 2021, ATF acknowledged in writing the 2021-NFC-0036-FP (USDA) FOIA Request number and ATF FOIA Request number 2021-0501 (a copy of which is attached hereto as Exhibit 5). ATF provided a spreadsheet of figures with the date of 12/18/04 without a legend to explain the numbers so it is unresponsive to the requests.

8.  The NFC uses a computer system known as Special Payroll Processing System (SPPS) and this entire matter could have been resolved years ago had the NFC OR ATF produced one screenshot of the SPPS screen documenting the payment of the $122,581.06 payment allegedly made in 2012 as ATF has submitted under penalty of perjury, to Merit Systems Protection Board (MSPB) and the US Court of Appeals for the Federal Circuit Case number 22-1998.

9. ATF did provide a screenshot from SPPS of the $6,059.14 payment to Mr. Delgado's FERS account but ATF and the NFC have both refused to make a screenshot of the alleged 2012 payment of $122,581.06. Mr. Delgado filed a petition to enforce in 2016 with the MSPB Administrative Judge (AJ) and that AJ ordered ATF to demonstrate compliance. ATF instead produced a spreadsheet of the amounts of payments that **should** have been made to Mr. Delgado's FERS account and some e-mails between ATF and the NFC concerning the payment calculations but no screenshot of the 2012 transaction. The AJ did not make a final ruling of compliance. Instead, the determination was passed on to the MSPB Headquarters in 2018 which did not have a quorum until late 2021. The Board was backlogged with thousands of cases and had newly trained board members reviewing cases. In 2022, the Board ruled ATF was in compliance and then Mr. Delgado petitioned to the Federal Circuit who agreed with the Boards ruling.

10. Still after 11 years of trying to obtain a simple screenshot from SPPS of the $122,581.06 payment and the date(s) of the payment(s), both the NFC and ATF have refused to provide this one document. Mr. Delgado alleges that, IF, the $122,581.06 payment(s) was/were ever made by ATF, the payment may have been paid in or around 2017. This is the proverbial, ATF being caught with it's hand in the cookie jar. Although Mr. Delgado has not attended law school, if the allegations are proven true with this court's order to produce the SPPS screenshot of the alleged 2012 payment to the Delgado FERS Account, ATF would have breached the 2011 agreement and then provided perjured documentation to cover up the breach.

11. With all due respect, FOIA demands more of government agencies.  Mr. Delgado has been more than patient, and the DOJ, ATF, NFC and the USDA have not fulfilled their statutory obligations: even now years after the Request was served.

## COUNT 1

### (Violation of 5 U.S.C. 552)

12. Mr. Delgado reallege and incorporate by reference Paragraphs 1-11 hereof.

13. DOJ, ATF, the NFC and the USDA has violated and is in violation of 5 U.S.C. 552.

## RELIEF REQUESTED

Accordingly, Mr. Delgado respectfully requests that the Court enter judgement in Mr. Delgado's favor and:

A. Enjoin the DOJ, ATF, NFC and the USDA from withholding and refusing to produce the documents responsive to the 2017 Request, 2021 Request and others that document ATF's attempt to cover-up their false filings concerning the alleged $122,581.06 payment with the previously listed court venues.

B. Order that the DOJ, ATF, NFC and the USDA must promptly comply with the Request and produce all the requested unredacted documents; and

C.  Award Mr. Delgado his attorney's fees for consultations on this matter and costs

pursuant to 5 U.S.C. 552(a)(4)(E)(i).


Respectfully Submitted,

Adam Delgado, Pro Se
PO Box 145
Ft. Meade, MD
773-992-7632
Adam.delgado@ii-services.net

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of January, 2023, I caused to be served electronically to all

parties by operation of the Court's electronic filing system and by placing a copy in the US Mail,

a copy of the foregoing document.

Adam Delgado