UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM DELGADO </br></br> Plaintiff, </br></br> v. </br></br> U.S. DEPARTMENT OF JUSTICE, *et al.*, </br></br> Defendants. | Civil No. 23-cv-0089 (APM) |

## MEMORANDUM OPINION

### I.

This is a Freedom of Information Act ("FOIA") case brought by Plaintiff Adam Delgado, a retired Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent, against Defendants Department of Justice ("DOJ"), ATF, National Finance Center ("NFC"), and United States Department of Agriculture ("USDA"). In this action, Plaintiff seeks documentation showing that the ATF made employer and employee pension contributions on his behalf as required by a settlement agreement. Plaintiff moves for summary judgment, asserting that Defendants have failed to properly comply with his FOIA request by not providing responsive records. Defendants cross-move, arguing that there was no FOIA request to DOJ or its sub-component ATF, and that USDA and its sub-component NFC fulfilled their obligation to conduct an adequate search for records responsive to the request they received. For the following reasons, the court denies Plaintiff's motion, grants Defendants' cross-motion, and enters judgment in favor of the agencies.

## II.

Plaintiff's request stems from his prior employment at the ATF, which began in September 2002. Ex. 1 to Answer, ECF No. 8-1, at 2.[1] Plaintiff resigned from the ATF on April 4, 2006, after his requests to be transferred from Puerto Rico to Chicago were repeatedly denied. Ex. A to Defs.' Opp'n to Pl.'s Mot. for Summ. J. & Cross-Mot. for Summ. J. [hereinafter Defs.' Cross-Mot. & Opp'n], ECF No. 20-2 [hereinafter Fed. Cir. Op.], at 2; Ex. 1 to Compl., ECF No. 1-1 [hereinafter Settlement Agreement], at 1. In 2009, Plaintiff filed an appeal before the Merit Systems Protection Board ("MSPB"), alleging "he had been constructively removed from his position when the agency refused to transfer him." Fed. Circ. Op. at 2. In January 2011, Plaintiff entered into a settlement agreement with the DOJ resolving their dispute, which in pertinent part required his reinstatement as an ATF agent, mandated the dismissal of Plaintiff's employment discrimination case, and obligated the ATF to pay "the employer's and employee's share of Federal Employee Retirement System (FERS) contributions from the date of resignation until the effective date of cancellation of the resignation." Settlement Agreement at 2–3.

In March 2016, Plaintiff filed a complaint with the MSPB to enforce the settlement. Ex. 1 to Pl.'s Mot. for Summ. J., ECF No. 15-1 [hereinafter Pl.'s Mot.], at 4. On May 26, 2022, the MSPB found that the DOJ had made the required FERS contributions, a ruling that the Federal Circuit affirmed. Fed. Cir. Op. at 4, 6. In the MSPB proceedings, documentation was produced from the ATF's Unified Financial Management System evidencing required FERS contribution payments. Ex. 1 to Pl.'s Mot. at 18–28. Plaintiff seeks further proof from the ATF's Special Payroll Processing System demonstrating that the majority of the required contributions were paid. Pl.'s Mot. at 1–2.

---

[1] References to exhibits are to the CM/ECF page number.

On December 17, 2020, Plaintiff sent a FOIA request to the USDA, seeking evidence of the employer and employee pension contributions made for the entirety of his employment. Decl. of Alexis Graves, ECF No. 20-4 [hereinafter Graves Decl.], ¶ 6. The USDA referred the FOIA request to its National Finance Center. *Id.* ¶ 8. NFC at first did not locate any records, and thus engaged in subsequent communications with Plaintiff, which led to a second search that located 191 pages of documents that had originated with the ATF. Ex. 2 to Answer, ECF. No. 8-2, at 1. NFC referred those pages to ATF for review. Graves Decl. ¶ 10. After processing the documents, ATF disclosed the 191 pages in full to Plaintiff. Decl. of Adam C. Siple, ECF No. 20-3 [hereinafter Siple Decl.], at ¶ 5. On January 12, 2023, Plaintiff filed the present lawsuit. Compl., ECF No. 1.

Now before the court is Plaintiff's Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment. Pl.'s Mot.; Defs.' Cross-Mot. & Opp'n.

### III.

FOIA was enacted with the goal of "broad disclosure" of government records, *Milner v. Dep't of Navy*, 562 U.S. 562, 571 (2011), and thus "generally requir[es] federal agencies to make their records available to the public on request," *DiBacco v. U.S. Army*, 795 F.3d 178, 183 (D.C. Cir. 2015). If a FOIA requester is dissatisfied with an agency's response, they may bring a lawsuit in the district court after exhausting their administrative remedies. 5 U.S.C. § 552(a)(6)(A)(i) & (C). A defendant agency in a FOIA case is entitled to summary judgment if it demonstrates that no material facts are in dispute, it has conducted an "adequate search," and all located responsive records have been produced to the plaintiff or are exempt from disclosure. *See Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833, 840 (D.C. Cir. 2001).

To meet its burden to show that no genuine issue of material fact exists, with the facts viewed in the light most favorable to the requester, the agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't*

3

*of Just.*, 705 F.2d 1344, 1350–51 (D.C. Cir. 1983). Agency affidavits or declarations that are "relatively detailed and non-conclusory" are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents" and may be relied upon to prove the agency performed such a search. *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted).

### IV.

### A.

The court first addresses Plaintiff's concerns that the agencies have not acted in good faith to identify responsive records. An agency declaration that is relatively detailed and non-conclusory is afforded a presumption of good faith. *See id*. That presumption "cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *Id.* (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

Defendants have offered two declarations attesting to the agencies' efforts to identify and produce responsive records: (1) one from Adam C. Siple, Chief of the Information and Privacy Governance Division of the ATF, and (2) and a second from Alexis Graves, Director for the Office of Information Affairs and the Departmental FOIA Officer within the USDA's Office of the General Counsel. Siple Decl.; Graves Decl. In an untimely filed supplement, Plaintiff alleges instances of alleged misconduct by the DOJ, FBI, and ATF towards him that, he says, "demonstrate" these agencies "have all allowed for employee misconduct to negatively impact Plaintiff's career and personal life without justification." Pl.'s Suppl. Documentation in Resp. to DOJ Cross Summ. J., ECF No. 27, at 2–5. But these alleged actions have nothing to do with USDA/NFC's search for responsive records and DOJ/ATF's review of them. Plaintiff thus has not cast doubt on the good faith presumption afforded to the declarations.

**B.**

The court first enters judgment in favor of DOJ and ATF because Plaintiff never submitted a FOIA request to either of them. "[I]t is undisputed that 'receipt' of a FOIA request triggers an agency's obligation to respond." *Eddington v. Dep't of Def.*, 35 F.4th 833, 837 (D.C. Cir. 2022) (quoting 5 U.S.C. § 552(a)(6)(A)(i)). A detailed and non-conclusory declaration that disclaims receipt of a FOIA request is afforded a presumption of good faith, which cannot be overcome by speculative claims about the existence and discoverability of the request. *See id.*

DOJ/ATF's declarant Siple explains that "ATF has never been served with a FOIA request from Plaintiff concerning his FERS contributions, only a referral from USDA/NFC for the review of 191 pages of responsive documents." Siple Decl. ¶ 6. Those pages consisted of "earning and payroll records from December 22, 2002, to December 25, 2020." *Id.* ¶ 5. ATF reviewed those records and ultimately released them in full to Plaintiff. *Id.* In response, Plaintiff offers no evidence to support that he ever submitted a FOIA request to DOJ/ATF. The only FOIA requests in the record are directed to a different agency, USDA/NFC. *See* Ex. 1 to Answer, ECF No. 8-1, at 2 (FOIA request addressed to NFC dated December 17, 2020); Ex. 1 to Pl.'s Compl., ECF No. 1-1, at 6 (FOIA request addressed to NFC dated July 9, 2017).[2] Accordingly, summary judgment is granted in favor of DOJ and ATF.

**2.**

The sole contested issue in this case is the adequacy of USDA/NFC's search. To prevail on this issue, the agency must show that it conducted a search reasonably calculated to uncover all

---

[2] USDA/NFC denies receiving the July 2017 request. *See* Graves Decl. ¶ 4. Plaintiff does not dispute that representation or offer any evidence other than the request itself, which is not sufficient to establish the agency's "receipt." *See Eddington*, 35 F.4th at 839 (holding that the plaintiff's declaration and copies of requests were not sufficient to create a genuine dispute of fact as to the agency's "receipt" of the requests). The court therefore accepts that USDA/NFC never received the July 2017 request.

relevant records. *See Weisberg*, 705 F.2d at 1351. The submitted declarations must be "reasonably detailed . . . , setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (internal quotation marks omitted). The question is not whether other responsive records not yet produced may exist but whether the search itself was adequate. *Steinberg v. Dep't of Just.*, 23 F.3d 548, 551 (D.C. Cir. 1994). Ultimately, a responding agency need not search every record system but must conduct a good-faith, reasonable search of those systems of records likely to contain the requested information. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

USDA/NFC's search satisfied these requirements. As Graves explains, USDA initiated a search with NFC, "a certified Shared Service Center providing personnel and payroll related services to USDA," "which is the only location within USDA likely to have records concerning payments to Plaintiff regarding his employment with ATF." Graves Decl. ¶ 8. Using the search terms "Delgado" and "Adam Delgado," NFC's Internal Audit and Compliance Group performed a search in its Information Research Inquiry System, which contains historical payroll information in various systems. *Id.* ¶ 10. That search resulted in 191 pages, which after a review by ATF were produced to Plaintiff. *Id.* Graves confirms that, "USDA searched all locations that it could access which were likely to have responsive records related to Plaintiff's request." *Id.* ¶ 11. Nothing more was required of USDA/NFC to satisfy its search obligation. *See Valencia-Lucena*, 180 F.3d at 326.

Plaintiff's only complaint about the search is that it did not produce the specific records he requested—evidence showing the FERS payments. Pl.'s Resp. to DOJ Cross Summ. J., ECF No. 23, at 2 (asserting that, because the results did not include documentation of the FERS

6

payments, "[c]ommon sense causes one to deduce that the 191-pages are not in fact responsive"). But the adequacy of a search is judged not by its results, but the reasonableness of the search itself. *See Weisberg*, 705 F.2d at 1351. Here, as discussed, USDA/NFC's declarant Graves provided a detailed explanation of where the agency searched and how it conducted the search, and it averred that no other system of records was likely to have the requested records. He also offered an explanation, though not required, of why the requested records were not located: the agency "does not have access to ATF's contributions to Plaintiff's retirement." Graves Decl. ¶ 9. Thus, the records sought by Plaintiff were not "agency records." *Dugan v. Dep't of Just.*, 82 F. Supp. 3d 485, 502 (D.D.C. 2015) ("[T]he term 'agency records' extends only to those documents that an agency both (1) create[s] or obtain[s], and (2) control[s] . . . at the time the FOIA request [was] made.") (quoting *Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144–45 (1989)).

The court therefore holds that Defendants' search was adequate under FOIA.

V.

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, ECF No. 15, is denied, and Defendants' Cross-Motion for Summary Judgment, ECF No. 21, is granted.

A final, appealable order accompanies this memorandum opinion.

Dated: March 11, 2024

Amit P. Mehta
United States District Court Judge